IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LakeSouth Holdings, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-1024-N |
| | § | |
| Kohl's Department Stores, Inc., | § | JURY TRIAL DEMANDED |
| Kohl's Illinois, Inc., and | § | |
| Home Depot U.S.A., Inc., | § | |
| | § | |
| Defendants. | § | |

## **ORDER REGARDING E-DISCOVERY IN PATENT CASES**

The Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified in the Court's discretion.

3. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a disclosure requirement of this Court, shall not include metadata absent a showing of good cause. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

5. Absent agreement of the parties or further order of this Court, the following parameters shall apply to ESI production:

    A. General Document Image Format. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

    B. Text-Searchable Documents. Each party has an obligation to make its production text searchable by producing OCR and/or extracted text files. To the extent

exceptions to the foregoing are required, the parties will meet and confer to discuss alternative production requirements, concerns or formats. If a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

C. Footer. Each document image shall contain a footer with a sequentially ascending production number.

D. Native Files. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format. Notwithstanding the foregoing, Excel (e.g., .xls or .xlsx) documents are to be produced in native format.

E. No Backup Restoration Required. Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

F. Voice-mail and Mobile Devices. Absent a showing of good cause, voice-mails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

7. Email production requests shall be phased to occur timely after the parties have exchanged a specific listing of likely e-mail custodians, a specific identification[1] of the eight (8) most significant listed e-mail custodians in view of the pleaded claims and defenses, and basic documentation about the patents, infringement contentions and accompanying documents pursuant to P.R. 3-1 and 3-2, invalidity contentions and accompanying documents pursuant to P.R. 3-3 and 3-4, the prior art, and the accused instrumentalities. A party need only identify custodians believed to have e-mails relevant to the claims or defenses in this case. The exchange of this information shall occur at the time required under the Federal Rules of Civil Procedure, Local Rules, or by order of the Court. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case (subject to the Court's Order that damages discovery should not take place prior to issuance of the claim construction Order in this case). Each requesting party may also propound up to five written discovery requests and take one four hour deposition per producing party to identify the proper custodians, proper search terms, and proper time frame for

---

[1] A specific identification requires a short description of why the custodian is believed to be significant."

e-mail production requests. The Court may allow additional discovery upon a showing of good cause.

8.     E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper time frame. Each requesting party shall limit its email production requests to a total of five (5) custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave.

9.     Each requesting party shall limit its email production requests to a total of eight (8) search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

10.    Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

11.    The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

12.    Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

SIGNED February 2, 2017.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE